## Maxton's Estate.

*Will—Trusts and trustees—Legacy—Construction of will.*

Where a testatrix gives a portion of her estate to a trustee to use the income thereof for the support of a middle aged invalid daughter, with remainder of the principal to the testatrix's husband, and the husband by his will gives a money legacy to a woman on condition that the legatee should remain with and take care of the invalid daughter, and the trustee offers to provide board and lodging for the legatee in the same house with the daughter, but refuses to pay her for her services in attending the daughter, the legatee cannot compel him to pay her for such services out of the income of the trust estate.

Argued April 20, 1910. Appeal, No. 107, April T., 1910, by Joseph E. Barnett, Executor and Trustee, from decree of O. C. Westmoreland Co., May T., 1909, No. 160, dismissing petition to pay over money in Estate of Martin V. Maxton, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Petition to pay over money.

STEEL, P. J., stated the facts to be as follows:

The matter now before the court arises out of the will of Martin V. Maxton, late of Latrobe borough, deceased, wherein he bequeathed, inter alia, as follows:

3. "I give and bequeath to Annie Bray the sum of Five Thousand ($5,000) Dollars, to be paid to her by my executor as soon as convenient after my decease.

"I also give and bequeath to the said Annie Bray the additional sum of Five Thousand ($5,000) Dollars, to be paid to her upon the death of my step-daughter, Nellie Parker, out of the funds set aside by my deceased wife in trust in the hands of Joseph E. Barnett for the use of Nellie Parker, provided the said Annie Bray shall remain with and take care of my said step-daughter until the death of my step-daughter.

"I direct, however, that if the said Annie Bray shall leave or cease to take care of the said Nellie Parker, my step-daughter, or shall die prior to the said Nellie Parker then the Five Thousand ($5,000) Dollars last above bequeathed shall be paid into and become a part of my residuary estate."

It appears that Mary Maxton, mother of Nellie Parker by a former husband, had died March 26, 1901, after having first made her last will and testament dated April 3, 1894. By this will she gave to her husband, Martin V. Maxton, the one-half of her estate, which estate at the time of her death, amounted to about $80,000, and the other half she gave to her daughter, Nellie Parker, during her life, and appointed Joseph E. Barnett trustee, and provided that said trustee should take charge of the amounts bequeathed to Nellie Parker and pay thereout an ample sum for her comfortable maintenance and support during her entire lifetime, and at her death whatever remained she bequeathed to her husband, Martin V. Maxton, his heirs and assigns.

Martin V. Maxton died March 9, 1904, having first made his last will and testament containing, inter alia, the bequests above stated to Annie Bray. The balance of his estate he gave to his two sisters.

Nellie Parker is a woman of middle age, a helpless and incurable invalid mentally and physically.

During part of Mrs. Maxton's lifetime and during

the period from her death to the death of Martin V. Maxton, Annie Bray, the petitioner in this case, had been a servant employed about the house and assisted in the care of Nellie Parker. For these services she was paid a regular wage.

Since the death of Martin V. Maxton, Annie Bray has remained in her capacity of housekeeper and attendant of Nellie Parker, and has been paid a salary by the trustee until the early part of this year, at which time the trustee, contending that she had been improperly performing her duties and wasting the estate, dismissed her and later during May of this year gave her notice that hereafter she was to avail herself of said conditional bequests: He would furnish her room and board with the understanding that nothing would be paid her for her services other than the said bequest provided in the said will.

The court entered the following decree:

And now, July 20, 1909, it is ordered and decreed that Joseph E. Barnett, trustee, do furnish to Annie Bray suitable boarding and room and a reasonable wage to be hereafter determined as the proper performance of her duties in the care and attention of Nellie Parker shall require, and that Joseph E. Barnett, trustee, do pay the costs of this proceeding.

*Error assigned* was the decree of the court.

*Paul H. Gaither*, with him *Charles E. Whitten*, for appellant.—Courts may not make a will or supply parts thereof supposed to have been omitted. Even if it be apparent that the testator had made mistakes of omission, it must be assumed that such omission was made purposely, and the will as the testator left it must stand: Eichelberger's Est., 135 Pa. 160; Cox v. Rogers, 77 Pa. 160; Zimmerman v. Lebo, 151 Pa. 345; Caughey v. Bridenbaugh, 208 Pa. 414; Cauffman v. Long, 82 Pa. 72; Lindsey v. Lindsey, 45 Ind. 552; Campbell v. McDonald, 10 Watts, 179.

Arguments—Opinion of the Court.   [43 Pa. Superior Ct.

*Albert H. Wanner*, with him *Marker & Hollingsworth* and *James Francis Burke*, for appellee.

OPINION BY HENDERSON, J., July 20, 1910:

The petition of Annie Bray which was the beginning of this proceeding asked "that a citation be awarded on the said Joseph E. Barnett, Trustee, Executor of the will of said Martin Maxton, deceased, and Trustee of the Estate of said Nellie Parker, as bequeathed to her under the will of the said Mary Maxton, deceased to appear in court, and show cause why petitioner should not receive from him, Joseph E. Barnett, Trustee as aforesaid, a stated periodical sum as a reasonable compensation to her for the personal services and the duties necessarily required of her in remaining with and taking care of the said Nellie Parker during her lifetime."   The application, as will be observed from the foregoing quotation, is directed against the appellant in two capacities: first, as executor of the will of Martin Maxton, and second, as trustee of the estate of Nellie Parker; and the case seems to have been commenced on the theory that there was a liability of the respondent both as executor and trustee.   The decree of the court is directed against the appellant as trustee but does not set forth whether he is to respond as executor of the will of Martin Maxton or as trustee of Nellie Parker under the will of Mary Maxton.   The discussion of the case, however, by the learned judge of the orphans' court makes it clear that the liability established arises under the will of Martin Maxton and we should assume, therefore, that the reference in the decree to "Joseph E. Barnett, Trustee" applies to the appellant's capacity as executor of Martin Maxton although he is not created a trustee by that will and only has the relation to it which any executor would have for the purpose of administration.   The counsel for the appellee, however, contends that "this proceeding is not an attempt to mulct Martin Maxton's estate of other moneys in addition to the legacies bequeathed, but to compel the Trustee of Nellie

Parker's trust estate to pay for services performed in and necessary to the comfortable maintenance and support of an invalid ward." This position is entirely distinct from that taken by the court and the counsel for the appellant and it will aid to clearness to inquire what relation the petitioner has to either of the estates referred to. Mary Maxton was the wife of Martin Maxton and died in 1901, leaving to survive her a husband and a daughter, Nellie Parker. This daughter was in middle life and an invalid, mentally and physically. Mrs. Maxton possessed an estate of about $80,000, one-half of which she willed to her husband on certain conditions not important in this discussion. The balance of her estate she disposed of as follows: "I give, devise and bequeath to my daughter, Nellie Parker, the remaining one undivided half of my estate, real, personal and mixed, during her life and appoint said Joseph E. Barnett, Trustee, to take charge of her said estate and pay thereout an ample sum for her comfortable maintenance and support during her entire lifetime. At her death whatever shall remain, I give, devise and bequeath to my said husband, Martin Maxton, his heirs and assigns, subject to the provisions and conditions hereinbefore recited. Further, it is my desire that my husband, Martin Maxton and my daughter, Nellie Parker, live and remain in my home and keep house together." Martin Maxton died in 1904. His will contained the following provisions relevant to this case: "Third: I give and bequeath to Annie Bray the sum of Five Thousand ($5,000.00) Dollars to be paid to her upon the death of my step daughter, Nellie Parker, out of the fund set aside by my deceased wife, in trust in the hands of Joseph E. Barnett, for the use of Nellie Parker, provided the said Annie Bray shall remain with and take care of my step daughter until the death of my said stepdaughter. I direct however that if the said Annie Bray shall leave or cease to take care of the said Nellie Parker, then the Five Thousand ($5,000.00) Dollars last above bequeathed, shall be paid into and become a part of my residuary es-

tate." The first legacy of $5,000 under this will was paid to Annie Bray who continued to live with Nellie Parker and take care of her under an arrangement with her trustee until February, 1909, when the trustee being dissatisfied with the manner in which Annie Bray was discharging her duties as caretaker discharged her and directed her to withdraw from the Parker home. About three months later Mr. Barnett was informed that Annie Bray claimed she had accepted the conditional legacy of $5,000 provided for in the will of Martin Maxton; whereupon, as executor, he sent a communication to her asking whether she wished to avail herself of that bequest and informing her that as executor of Martin Maxton's will he would furnish her a room and board with Nellie Parker so that she could take care of the said Nellie during her lifetime as a consideration for the bequest of $5,000 but with the understanding that she was not to receive anything for her services other than the legacy provided for in the will. This letter was followed a month later by the application to the orphans' court for the proceeding which we have before us. It will be noticed that the bequest to Nellie Parker and the trust for her comfortable maintenance and support were provided for by Mary Maxton. What would seem to be an ample estate was set apart and placed in the hands of the trustee with authority to use as much of it as was necessary for the purpose indicated. The administration of the trust was committed to Joseph E. Barnett and on him rested the duty of seeing that the cestui que trust received the benefit of the testamentary provision made by her mother. Annie Bray is not named in the will nor is there any reference to her. It cannot be contended, therefore, that the will of Mary Maxton gives the petitioner any claim against her estate or any demand against the estate of Nellie Parker in the hands of the trustee. Nor is the possible remainder of the estate bequeathed in trust for Nellie Parker available to the estate of Martin Maxton nor subject to the order of the orphans' court until it can be

ascertained after the death of the cestui que trust whether there is any remainder. It all may be consumed in her lifetime in providing for her maintenance, in which event nothing will go to the Martin Maxton estate. It is further to be observed that the petition of the appellee is in her own behalf and for her own benefit. She sets forth that to comply with the direction of the trustee and withdraw from the home of Nellie Parker "would prejudice and jeopardize her right to the legacy bequeathed to her as aforesaid by Martin Maxton deceased, upon condition that she remain with and take care of the said Nellie Parker." From this embarrassment in her situation she was relieved by the trustee through his notice to her that she could remain in the house with Nellie Parker but without liability of him as trustee for compensation. And she now complains that the trustee has neglected and refused to pay to her the monthly salary which he had theretofore paid to her or to pay to her any other sum whatsoever as compensation for her services. The petition is in substance a prayer that the petitioner be permitted by decree of the court to remain in charge of Nellie Parker and that the trustee be required to pay to her such stated compensation as the court may deem reasonable, and the decree of the court goes to this extent. There is no allegation that the appellant's charge has not been suitably cared for; that there has been any neglect or inattention on the part of the trustee or that he is in any way incapacitated from administering the trust committed to him by the testator. The effect of the decree is, however, to take the charge of Nellie Parker out of the hands of the trustee not in the interest of the ward but at the instance and in behalf of a stranger to the will of Mary Maxton and the estate of her and Nellie Parker. We are unable to find satisfactory reasons for such a conclusion. It was in the power of Mrs. Maxton to make the provision for her helpless child which she did make and to provide for the administration of the trust in the manner in which she did provide. If there is any default on the

part of the trustee a proceeding in behalf of the cestui que trust would remedy the wrong, but nothing of that kind was in contemplation. This is a proceeding to secure to the petitioner a contingent bequest provided for in the will of another person, but Martin Maxton had no power by will or otherwise to interfere with or control the administration of the trust committed to Mr. Barnett. Nothing in the will of Mary Maxton requires the trustee to employ Annie Bray, and if in the exercise of discretion and judgment he deems it inadvisable that she continue longer in the service in which she has been employed there is no warrant in Mrs. Maxton's will for action by the orphans' court to interfere with the exercise of such discretion. But it is said, and this we understand to be the view of the learned judge of the orphans' court, that there is an implied direction in the will of Martin Maxton that Annie Bray receive compensation for taking care of Nellie Parker and that this will is the authority for the decree entered. The case is thus put in the opinion of the court: "The whole question now before the court is, as to the intention of the testator when he made the bequests to Annie Bray. . . . There is no provision for the boarding and maintenance of Annie Bray while she performs these services, but we take it that the testator knowing the conditions on which she had been with him heretofore would intend that Annie Bray should be boarded while she performed these duties. . . . The testator also knew that she had been paid a reasonable wage while she had performed the same services heretofore, and this we think is the key to the question involved. He had given the first Five Thousand ($5,000.00) Dollars as a reward for services done. Can we not fairly infer that the second bequest would not be made so burdensome as to prevent the legatee from accepting its provisions?" The objection to this line of reasoning is that the will of Martin Maxton is clear and specific. He disposes of all of his estate. Five thousand dollars of it he gives absolutely to Annie Bray. This amount she has already received.

Five thousand dollars more he gives to her subject to the conditions stated in his will. He knew that his wife had made provision for the care and maintenance of Nellie Parker. His own will shows that he had his wife's will in mind when he made the contingent bequest to the appellee. There was no occasion, therefore, for any provision by him looking to the care of his stepdaughter. As an inducement, however, to Annie Bray to stay with Nellie Parker he gives the additional sum of $5,000, this of course to be in addition to anything which might be received from the estate of Nellie Parker in the hands of the trustee. In construing a will regard must be had to the language of the instrument. It may be viewed in all of its parts in the light of the conditions and circumstances which brought it into being, but it is that which is in the will which is to be construed. If the instrument under consideration contained terms which reasonably construed, or viewed in the light of the extrinsic facts which would explain them, amounted to a direction to the executor to pay the cost of supplying a caretaker for Nellie Parker it would be the duty of the court to so say. But we do not find in the will of Martin Maxton any language indicating that he intended to make such provision. He provided for a legacy which might be a large reward for any attention which the legatee should give the stepdaughter or it might have less value contingent on the duration of the stepdaughter's life, but the legatee could calculate the chances and determine whether she would accept the legacy or not. That the testator could impose the condition which he did no one can doubt. He may have taken into consideration the fact that Nellie Parker had reached middle life; that she was very infirm in body and mind and not likely to live long in which case the reward would be more than ample, or he may have taken into consideration the fact that he had already given $5,000 outright, which sum with what she would get in any event if she continued to care for her charge would give her fair compensation. Whatever the motive of the testator may

have been, however, he has expressed his intention in unmistakable terms and has fixed the amount to be paid out of his estate on account of Nellie Parker. To provide for new liabilities is to create a new will and this we cannot do. Whether the testator should have made some provision under which it would have been possible for Annie Bray to receive both the legacy and compensation is an inquiry which we are not called upon to answer. The testator had a right to dispose of his property as he saw fit. He is not bound to be more generous than he has expressed an intention to be and we find no indication in the will of a direction to the executor to pay anything to the appellee except the legacies specifically designated. We are unable to view the case in any light which will support the decree entered.

It is therefore reversed at the cost of the appellee.